LAURA R. JACOBSEN
NV Bar No. 13699
McDONALD CARANO WILSON LLP
100 W. Liberty St., 10th Floor
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
ljacobsen@mcdonaldcarano.com

JOHN B. SULLIVAN, *Pro Hac Vice Pending*
CA Bar No. 96742
DONALD H. CRAM, *Pro Hac Vice Pending*
CA Bar No. 160004
MARY KATE KAMKA, *Admitted Pro Hac Vice*
CA Bar No. 282911
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
jbs@severson.com
dhc@severson.com
mkk@severson.com

*Attorneys for Defendant Green Tree Servicing LLC now known as Ditech Financial LLC (erroneously named as Green Tree Services, LLC)*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lee C. Kamimura, individually and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Green Tree Services, LLC,<br><br>Defendant. | Case No. 2:16-cv-00783-APG-CWH<br><br>**[PROPOSED] PROTECTIVE ORDER** |

The parties have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all responses to third-party subpoenas, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL**. Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

4. **Depositions**. Deposition testimony will be deemed CONFIDENTIAL only if designated as such either during the Deposition or within 30 days following the receipt of the Deposition Transcript. Within thirty (30) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL. Such designation shall be specific as to the portions to be designated CONFIDENTIAL. The entire deposition testimony shall be treated as CONFIDENTIAL until the 30 days to designate specific portions of the transcript has elapsed. Thereafter, those portions designated as CONFIDENTIAL by either party shall be protected as CONFIDENTIAL pending objection under the terms of this Order.

5. **Protection of Confidential Material**.

   a. **General Protections**. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

   b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 1-6. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

      1. The Court and Court personnel;

      2. **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

      3. **Parties.** Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or

employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    4. <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;

    5. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

    6. <u>Consultants and Experts.</u> Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound;

    7. <u>Others by Consent.</u> Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. Such persons shall execute the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound.

  c. <u>Control of Documents.</u> Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six (6) years from the date of signing.

  d. <u>Copies.</u> Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term

"copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6.    Filing CONFIDENTIAL Documents With the Court.**

A party seeking to file any CONFIDENTIAL document under seal must file a motion to seal and must comply with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Local Rule 10-5(b).

If a party wishes to file in Court any Information designated as "Confidential" or under this Protective Order, such party must notify the Producing Party (or, in the case of a deposition transcript containing "Confidential" Information, must notify the party or non-party that designated such transcript as "Confidential") at least seven (7) days prior to filing the document. For materials designated Confidential by Defendants, the notification must be sent via email to both dhc@severson.com and ljacobsen@mcdonaldcarano.com. For materials designated Confidential by Plaintiff, this notification must be sent via email to mkind@kazlg.com.

The designating party or non-party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party or non-party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four (4) days after receiving notice of the intended filing. To the extent the designating party or non-party believes the relevant standard for sealing can be met, it shall provide a declaration or other evidence supporting that assertion no later than four (4) days after receiving notice of the intended filing. If the designating party or non-party provides a declaration or other evidence supporting the filing of the designated material under seal, the filing party shall file the designated material under the seal in a manner consistent with the rules of this Court. Specifically, the filing of designated material under seal shall be accompanied by a motion to seal the

designated material and shall attach the declaration or other evidence provided by the designating party or non-party to its filing addressing the applicable standard and explaining why it has been met. If the designating party fails to provide any declaration or other evidence in support of the motion to seal to the filing party, the filing party shall so indicate in its motion to seal, and the Court may order the document filed in the public record.

Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen days of the defective filing or lodging.

**7.     No Greater Protection of Specific Documents**. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**8.     Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL designation is subject to challenge by any party or non- party (hereafter "party"). The following procedure shall apply to any such challenge.

a.     Objection to Confidentiality. Within thirty (30) days of the receipt of any document designated CONFIDENTIAL or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which an objection has been made shall remain CONFIDENTIAL until designated otherwise by waiver, agreement or order of the Court.

b.     Obligation to Meet and Confer. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to

resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

        c.     <u>Obligation to File Motion.</u> If the parties cannot reach agreement as to any documents designated CONFIDENTIAL, for the purpose of discovery, the party challenging the designation shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL designation.

    9.    **<u>Court Not Bound By Parties' Designation</u>**. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

    10.    **<u>Use of Confidential Documents or Information at Hearing or Trial</u>**. A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

    11.    **<u>Obligations on Conclusion of Litigation</u>**.

        a.     <u>Order Remains in Effect.</u> Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

        b.     <u>Return of CONFIDENTIAL Documents.</u> Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5.d., unless: (1) the document has

been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order.

**12. Inadvertent Production of Confidential Information**. If a party inadvertently fails to designate information as "Confidential" in accordance with this Order prior to or at the time of disclosure, it may notify the Parties that it intends to designate such materials as "Confidential" after disclosure but before trial, the Parties receiving such material shall ensure that all inadvertently disclosed information is subsequently treated as "Confidential" pursuant to the terms of this Order.

**13. Inadvertent Production of Privileged Material**. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rules of Evidence 502(b) and 502(d), if a party inadvertently produces or provides discovery that it believes is subject to a claim of privilege or of protection as trial-preparation material, the inadvertent production is not and will not be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. The Producing Party making the claim may notify the Receiving Party or parties in writing of the claim and the basis for it (and should identify the document by Bates number). Within seven (7) business days of receiving such notice, the Receiving

Party or parties must return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Within ten (10) business days after giving such notice of inadvertent production, the Producing Party will produce a privilege log specific to such documents to the Receiving Party. The Receiving Party may move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, and if the Receiving Party so moves the Court, the Producing Party shall provide the Court with one copy of the allegedly privileged material for in-camera review in connection with such motion.

14. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

15. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

16. **Third Parties**. A subpoenaed third party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Order and thereby become a producing party for purposes of this Order. The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein. A third party who elects to become a producing party for purposes of this Order shall provide written

notice thereof to the party requesting discovery (the "requesting party"). Upon receiving such notice, the requesting party shall notify all other parties to the proceeding that the discovery received from the third party is subject to the terms and conditions of this Order.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

DATED this 30th day of January, 2017.

KAZEROUNI LAW GROUP, APC           McDONALD CARANO WILSON LLP

___/s/ Michael Kind_____     /s Laura R. Jacobsen_____
Michael Kind                       Laura R. Jacobsen
*Attorneys for Plaintiff*          *Attorneys for Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC*

**IT IS SO ORDERED.**

DATED this _January 31_____, 2017

_____
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Lee C. Kamimura, individually and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>Green Tree Services, LLC,<br><br>      Defendant. | Case No. 2:16-cv-00783-APG-CWH<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court or for other relief under the protective order agreement.

DATED this _____ day of _____, 2017.

By: _____