# EXHIBIT 4

JOHN B. SULLIVAN (CA Bar No. 96742)
jbs@severson.com
DONALD H. CRAM (CA Bar No. 160004 )
dhc@severson.com
MARY KATE KAMKA (CA Bar No. 282911)
mkk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
GREEN TREE SERVICING LLC
now known as Ditech Financial LLC
(erroneously named as
Green Tree Services, LLC)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE C. KAMIMURA, individually and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICES, LLC,<br><br>Defendant. | Case No. 2:16-cv-00783-APG-CWH<br><br>**DEFENDANT GREEN TREE SERVICING LLC'S RESPONSES TO PLAINTIFF LEE C. KAMIMURA'S FIRST SET OF SPECIAL INTERROGATORIES** |

PROPOUNDING PARTY:   Plaintiff LEE C. KAMIMURA

RESPONDING PARTY:    Defendant GREEN TREE SERVICING LLC

SET NO.:             ONE

Pursuant to Federal Rules of Civil Procedure, Rule 33, defendant Ditech Financial LLC ("Ditech"), formerly known as Green Tree Servicing LLC, responds to plaintiff Lee C. Kamimura's First Set of Special Interrogatories (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

1.      Ditech objects to these Interrogatories to the extent that they purport to impose obligations on Ditech greater than those required under the FRCP. In responding to these Interrogatories, Ditech will comply with its obligations under FRCP and other applicable provisions of federal law, but will not provide additional information requested by Plaintiff or take other steps not required under the FRCP.

2.      Ditech objects that these Interrogatories are overbroad and unduly burdensome.

3.      Pursuant to FRCP Rule 26(b)(2)(B), Ditech will not provide information that is not reasonably accessible because of undue burden or cost.

4.      Ditech objects that these Interrogatories are overbroad to the extent they request information relating to Ditech's credit reporting relating to Plaintiff's account. The allegations in this case are very narrow and limited to whether or not Ditech accessed Plaintiff's and putative class members' credit information without a permissible business purpose to do so. As such, requests for information relating to credit reporting, credit reporting disputes, and/or other general records relating to Plaintiff's credit history are overbroad as they seek information that is not relevant to the parties' claims and defenses.

5.      Ditech objects to these Interrogatories to the extent they purport to seek information relating to purported absent class members. Ditech maintains that this case is not appropriate for class certification and that, even if a class were ultimately certified, the class definition would have to be limited and/or altered significantly. Class certification has not yet been adjudicated. Therefore, Plaintiff has no standing to represent any purported absent class members and cannot issue discovery requests on their behalf. Interrogatories seeking information related to purported absent class members are not relevant to the proceeding as they are not related to either parties' claims or defenses. (See Fed. R. Civ. P. 26(b)(1).) Moreover, the parties agreed in the October 5, 2016 scheduling order that pre-class certification discovery would be limited to the merits of the named Plaintiff's claims and

1 | elements of Rule 23.

2 |     6.     Ditech objects to these Interrogatories to the extent that they directly or indirectly seek information that is protected by the attorney-client privilege, attorney work product doctrine or other applicable privileges which prevent disclosure of such information. Any disclosure of privileged information in its responses to these Interrogatories is unintentional and should not be deemed a waiver of privilege by Ditech.

    7.     Ditech objects to these Interrogatories to the extent that they request responses based on proprietary, private, and/or sensitive or confidential information. Ditech will not disclose such information unless, and until, the parties finalize an appropriate protective order protecting such information from disclosure to third parties.

    8.     Ditech objects to these Requests to the extent that they request sensitive financial or personal information pertaining to individual third parties, as the disclosure of such information would violate such individual third parties' right to privacy.

    9.     Ditech is continuing its investigation and makes these responses based on information it has obtained to date. Ditech reserves the right to revise, correct, supplement, or clarify any of these responses as may be warranted by Ditech's ongoing investigation in its defense of this action.

    10.     By submitting these responses, Ditech does not in any way adopt Plaintiff's purported definitions of words and phrases contained in this discovery set. Ditech objects to those definitions to the extent that they are inconsistent with (a) the ordinary and customary meaning of such words and phrases, (b) the rules governing the form and scope of discovery or (c) the definitions set forth by Ditech in its responses.

    11.     Each of these responses and general objections is incorporated into Ditech's responses to the individual requests set forth below, as if fully set forth

therein.

**SPECIAL INTERROGATORY NO. 1:**

Please state the full name, present address, employer, title and occupation of all persons providing information and documents responsive to these requests.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Ditech objects that the request seeks information that is not relevant to the claims and defenses of the parties. Ditech further objects to the requests information in violation of the right to privacy of third parties who are not parties to this lawsuit.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: These discovery responses were prepared by Ditech's counsel with assistance from the undersigned employee of Ditech who can be contacted through Ditech's counsel.

**SPECIAL INTERROGATORY NO. 2:**

Please identify all individuals known to you or your attorney who are witnesses to the events described in Plaintiff' Complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each such person, please provide a brief summary of facts to which each might or could testify. Also for each such person, please state the following:

   a.   Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

   b.   If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

   c.   Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Ditech objects that this interrogatory is premature as discovery in this case is only in its beginning stages. Ditech further objects that this interrogatory is compound. Ditech further objects to this interrogatory as overbroad and unduly burdensome. Ditech further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privilege.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Green Tree responds:

- Plaintiff, Lee Kamimura;
- Representative of Ditech Financial LLC, c/o Severson & Werson, P.C., One Embarcadero Center, 26th Floor, San Francisco, California 94111, telephone: (415) 398-3344. This representative has knowledge relating to Ditech's accessing of Plaintiff's credit information and Ditech's policies and procedures for accessing credit information of borrowers who have received a Chapter 13 bankruptcy discharge. Ditech reserves the right to name additional witnesses as discovery in this case continues.

**SPECIAL INTERROGATORY NO. 3:**

Please list, explain, and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Ditech objects that this interrogatory is vague and ambiguous as it does not specify the information sought with reasonable particularity. Ditech further objects that the interrogatory is unduly burdensome. Ditech further objects that the request seeks information that is not relevant to the claims and defenses of the parties. Ditech further objects to this interrogatory to the extent it seeks information that is not in Ditech's custody or control.

Ditech objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privilege. Ditech further objects to the interrogatory to the extent it seeks disclosure of trade secrets or proprietary information. Ditech also objects to this interrogatory to the extent that it seeks sensitive financial or personal information pertaining to individual third parties, as the disclosure of such information would violate such individual third parties' right to privacy.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Identifying or describing all of documents relating to any events described in the complaint would require an examination, audit, compilation, abstract, or summary of Ditech's business records, and that the burden of determining this answer would be substantially the same for Plaintiff as it would be to Ditech. Accordingly, Ditech exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiff to the records produced by Ditech in response to Plaintiff's requests for production.

**SPECIAL INTERROGATORY NO. 4:**

Please identify all individuals known to you or your attorney who are not witnesses, but who you have reason to believe have knowledge pertinent to the events at issue as alleged in Plaintiff's Complaint, and provide a brief summary of the facts to which each such person could testify. For each person, please state, the following:

a. Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b. If any persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

c.      Please explain and describe your understanding of their knowledge of such facts,

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Ditech objects that this interrogatory is premature as discovery in this case is only in its beginning stages. Ditech further objects that this interrogatory is compound. Ditech further objects to this interrogatory as overbroad and unduly burdensome. Ditech further objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privilege.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Green Tree responds:

- Plaintiff, Lee Kamimura;
- Representative of Ditech Financial LLC, c/o Severson & Werson, P.C., One Embarcadero Center, 26th Floor, San Francisco, California 94111, telephone: (415) 398-3344. This representative has knowledge relating to Ditech's accessing of Plaintiff's credit information and Ditech's policies and procedures for accessing credit information of borrowers who have received a Chapter 13 bankruptcy discharge. Ditech reserves the right to name additional witnesses as discovery in this case continues.

**SPECIAL INTERROGATORY NO. 5:**

For each paragraph of Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts which you believe may support each denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Ditech objects that this request is unduly burdensome and oppressive. Ditech further objects that this request is compound. The Second Amended Complaint contains sixty-four paragraphs. As such, this request constitutes sixty-four separate interrogatories, which would exceed the number of interrogatories allowed under FRCP Rule 26 that limits parties to twenty-five interrogatories. Ditech further

objects to this interrogatory to the extent it seeks information protected by the attorney-client and/or attorney work product privilege.

**SPECIAL INTERROGATORY NO. 6:**

Identify by name the publisher, publisher's address, vendor and vendor's address, of any commercial software which you use to maintain, bill, collect, report or inquire into any information relating to your consumer accounts or application information relating to your consumer accounts.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Ditech objects that this interrogatory is vague and ambiguous as it does not specify the information sought with reasonable particularity. Ditech further objects that the interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties. As stated, the request seeks information relating to any software system Ditech uses for all servicing-related activities and is not limited in any way.

**SPECIAL INTERROGATORY NO. 7:**

Please provide the dates of each and every communication Defendant had with Plaintiff of any other party to this lawsuit concerning any facts or allegations described in this lawsuit or any pleading you have filed or may file, identify the persons with whom you communicated, and explain and describe the contents of your communication.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Ditech objects that the interrogatory is overbroad and unduly burdensome. Ditech further objects that the interrogatory seeks information that is not relevant to the claims and defenses of the parties. Ditech objects to this interrogatory to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege. Ditech also objects to this interrogatory to the extent that it seeks sensitive financial or personal information pertaining to individual third parties, as

the disclosure of such information would violate such individual third parties' right to privacy.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Identifying or describing all communications Ditech had relating to the facts and allegations in this lawsuit would require an examination, audit, compilation, abstract, or summary of Ditech's business records, and that the burden of determining this answer would be substantially the same for Plaintiff as it would be to Ditech. Accordingly, Ditech exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiff to the records produced by Ditech reflecting the communication history on Plaintiff's loan.

**SPECIAL INTERROGATORY NO. 8:**

Please explain and describe what actions you took as a result of Plaintiff filing for Bankruptcy and the disposition of your actions in connection with each contact or communication.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Ditech objects that this interrogatory is vague and ambiguous as it does not specify the information sought with reasonable particularity. Among other reasons, the request is vague in its use of the undefined phrase "the disposition of your actions in connection with each" unidentified "contact or communication." Ditech further objects that the interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties. Ditech also objects that the interrogatory is unnecessary and harassing as it seeks information that is publicly available and thus equally accessible to Plaintiff.

**SPECIAL INTERROGATORY NO. 9:**

Please identify the date, recipient, and content (as recorded by Metro or Metro 2 data or other consumer dispute software) of occurrence during the preceding seven years in which you reported credit data regarding Plaintiff.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Ditech objects that the interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties. The Complaint contains no allegations relating to Ditech's credit reporting on Plaintiff's account. Moreover, the allegations against Ditech all purportedly occurred after April 21, 2014.

**SPECIAL INTERROGATORY NO. 10:**

Please list, explain, and describe each and every code contained in each of your computerized records that you have produced. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Ditech objects that the interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties. The interrogatory is overbroad, among other reasons, in its request that Ditech define every code used in its computerized servicing records, and is not limited in any way.

**SPECIAL INTERROGATORY NO. 11:**

Please describe your policies and procedures for making inquires [sic] on consumers' credit reports including how you decide which credit reports to access.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Ditech objects that this interrogatory is vague and ambiguous as it does not define the term "consumers' credit reports." Ditech further objects that this interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties to the extent it seeks general information relating to the accessing of borrowers credit information, and is not limited to making credit inquiries following a Chapter 13 bankruptcy discharge.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Identifying the requested policies and

11293.0677/9675035.1                          10                          2:16-cv-00783-APG-CWH
RESPONSES TO SPECIAL INTERROGATORIES

procedures would require an examination, audit, compilation, abstract, or summary of Ditech's business records, and that the burden of determining this answer would be substantially the same for Plaintiff as it would be to Ditech. Accordingly, Ditech exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiff to the records produced by Ditech reflecting its policies and procedures relating to accessing the credit information of borrowers following a Chapter 13 bankruptcy discharge that were in effect between April 8, 2011 and the present.

**SPECIAL INTERROGATORY NO. 12:**

Please describe your policies and procedures for making "Account Review" inquires on consumers' credit reports including how you decide which credit reports to access for account review purposes.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Ditech objects that this interrogatory is vague and ambiguous as it does not define the term "consumers' credit reports." Ditech further objects that this interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties to the extent it seeks general information relating to the accessing of borrowers credit information, and is not limited to making credit inquiries following a Chapter 13 bankruptcy discharge.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Identifying the requested policies and procedures would require an examination, audit, compilation, abstract, or summary of Ditech's business records, and that the burden of determining this answer would be substantially the same for Plaintiff as it would be to Ditech. Accordingly, Ditech exercises its right pursuant to Fed. R. Civ. P. 33(d) and refers Plaintiff to the records produced by Ditech reflecting its policies and procedures relating to accessing borrowers' credit information following a Chapter 13 bankruptcy discharge that were in effect between April 8, 2011 and the present.

**SPECIAL INTERROGATORY NO. 13:**

List any and all times, dates, and reasons for accessing Plaintiff's credit reports before the filing of this lawsuit.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Ditech objects that this interrogatory is vague and ambiguous as it does not define the term "credit reports." Ditech further objects that this interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to the claims and defenses of the parties to the extent it seeks information relating to instances in which Ditech accessed Plaintiff's credit information prior to April 21, 2014.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Ditech performed account reviews of Plaintiff's account on or about June 11, 2014, September 3, 2014, and December 19, 2014.

**SPECIAL INTERROGATORY NO. 14:**

If you deny your credit report inquiry into Plaintiff's Experian credit report occurred, as complained of in his lawsuit, please explain and describe, in the greatest degree of detail, what facts you believe exist to support your belief and identify any witness who you believe will support or testify in support of your belief.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Ditech objects that this interrogatory is vague and ambiguous as it does not define the term "credit report." Ditech further objects that this interrogatory is vague and ambiguous as it does not specify the information sought with reasonable particularity. The complaint does not contain any allegations that Ditech accessed Plaintiff's Experian credit report. Thus, as stated the interrogatory requests information that is not relevant to the parties' claims and defenses.

**SPECIAL INTERROGATORY NO. 15:**

Do you contend you had a permissible purpose to make an account inquiry into Plaintiffs' TransUnion credit report in December 2014? If so, what is the permissible purpose?

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Ditech objects that this interrogatory is vague and ambiguous as it does not define the term "credit report." Subject to its specific and general objections stated above, and without waiver of any of those objections, Ditech responds: Ditech contends that it had a permissible business purpose to access Plaintiff's account in December 2014 under 15 USC § 1681b(a)(3).

Dated: December 21, 2016

SEVERSON & WERSON
A Professional Corporation

By *Mary Kate Kamka*
Mary Kate Kamka

Attorneys for Defendant
GREEN TREE SERVICING LLC now known as Ditech Financial LLC (erroneously named as Green Tree Services, LLC)

# VERIFICATION

I, Christy Christenson, am employed by Ditech Financial, LLC, formerly known as Green Tree Servicing LLC, and am authorized to make this verification on behalf of it. Based upon my review of business records, information assembled by authorized agents at Ditech, and/or my personal knowledge, the facts stated in Ditech's responses to plaintiff's first set of interrogatories are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20 day of December, 2016.

By: _____
Christy Christensen

**PROOF OF SERVICE**
**Kamimura vs. Green Tree Services, LLC**
**U.S.D.C., District of Nevada Court Case No. 2:16-cv-00783-APG-CWH**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On December 21, 2016, I served true copies of the following documents:

**DEFENDANT GREEN TREE SERVICING LLC'S RESPONSES TO PLAINTIFF LEE C. KAMIMURA'S FIRST SET OF SPECIAL INTERROGATORIES and VERIFICATION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2016, at San Francisco, California.

_____
Kathi de Leon

**SERVICE LIST**
*Kamimura vs. Green Tree Services, LLC*
U.S.D.C., District of Nevada Court Case No. 2:16-cv-00783-APG-CWH

| | |
|---|---|
| Michael Kind, Esq.<br>KAZEROUNI LAW GROUP, APC<br>7854 W. Sahara Avenue<br>Las Vegas, NV 89117 | **Attorney for Plaintiff**<br><br>Tel: 800-400-6808 x7<br>Fax: 800-520-5523<br>Email: mkind@kazlg.com |
| David H. Krieger, Esq.<br>HAINES & KRIEGER, LLC<br>8985 S. Eastern Avenue, Suite 350<br>Henderson, Nevada 89123 | **Attorney for Plaintiff**<br><br>Tel: 702-880-5554<br>Fax: 702-385-5518<br>Email: dkrieger@hainesandkrieger.com |